PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES C. SUPPLEE, | ) | |
| | ) | CASE NO. 1:16CV2625 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| | ) | |
| UNITED STATES, *et al.*, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** [Resolving ECF Nos. 4, 15, 16, |
| Defendants. | ) | 17, 18] |

Pending before the Court are *pro se* Plaintiff's Motion to Stay the garnishment of his pension (ECF No. 4); Defendant United States' Motion to Dismiss (ECF No. 15) and Defendant Ohio Carpenters' Pension Fund's ("the Fund") Motion to Dismiss (ECF No. 16). Plaintiff then filed Motions to strike the Motions to Dismiss. ECF Nos. 17, 18. Interpreting Defendant's Motion to Strike (ECF No. 17) as a response, the Fund filed a Reply. ECF No. 19. Plaintiff subsequently filed a "Memorandum Contra Defendant Carpenters' Motion to Dismiss," ECF No. 20. The Government has not responded or replied to Plaintiff's Motion to Strike (ECF No. 18), and the time to do so has passed. For the following reasons, the Court denies Plaintiff's Motions to Stay and to Strike, and grants Defendants' Motions to Dismiss.

## I. Background

*Pro se* Plaintiff Charles C. Supplee filed a Complaint against the United States and Ohio Carpenters' Pension Fund, arguing that he is not subject to federal income tax; the United States' Notice of Levy is illegal; and the United States has collected more money from Plaintiff's

(1:16CV2625)

pension than a February 11, 2011 Notice of Levy demands. *Id.* at PageID #: 1–2, ¶¶ 1–3, 6–11. Plaintiff also alleges that the United States violated the Sixteenth Amendment to the Constitution; Defendants violated his "God-given rights of privacy,"; and Defendants violated his "rights to be secure in his house, papers and effects." *Id.* at PageID #: 1–2, 3, ¶ 1–5, 21, 22. Plaintiff also argues that Defendants violated RICO and the Hobbs Acts. *Id.* at PageID #: 2, ¶¶ 16–20. Plaintiff seeks treble damages "in excess of $431,065.65," punitive damages of $1,000,000.00, and an order that the United States release any and all liens and levies against Plaintiff. *Id.* at PageID #: 4, ¶¶ 27–30. Plaintiff also filed a Motion to Stay the levying of taxes from Plaintiff's pension pending adjudication of this matter. ECF No. 4.

## II. Standard of Review

Although *pro se* pleadings are held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Although the standard of review is liberal, it requires more than bare assertions of legal conclusions." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 438 (6th Cir. 2008) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726–27 (6th Cir. 1996)). A complaint must "give the defendants 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Id.* (quoting *Lillard*, 76 F.3d at 726).

Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter" of claims asserted in the complaint. Fed. R. Civ. P. 12(b)(1). A motion to dismiss for lack of subject-matter jurisdiction may involve either facial attacks or factual attacks

2

(1:16CV2625)

upon a court's jurisdiction. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). When resolving a facial attack, the reviewing court assumes the allegations within the complaint are true. *Id*. When reviewing a factual attack, no presumptive truthfulness applies, and the court must weigh the conflicting evidence to determine whether subject-matter jurisdiction exists. *Howard v. Whitbeck*, 382 F.3d 633, 636 (6th Cir. 2004). A district court lacks subject-matter jurisdiction when the allegations of a complaint are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). Plaintiffs bear the burden of establishing that jurisdiction exists. *Madison–Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Lack of subject-matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

      To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint must allege enough facts to "raise a right to relief above the speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Federal Rule of Civil Procedure 8(a)(2) requires only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555

3

(1:16CV2625)

(citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). When a claim lacks "plausibility in th[e] complaint," that cause of action fails to state a claim upon which relief can be granted. *Twombly,* U.S. 550 at 564. A court may dismiss a claim if the court finds on the face of the pleading that "there is an insurmountable bar to relief indicating that the plaintiff does not have a claim[.]" *Ashiegbu v. Purviance*, 76 F. Supp. 2d 824, 828 (S.D. Ohio 1998), *aff'd* 194 F.3d 1311 (6th Cir. 1999), *cert. denied*, 529 U.S. 1001 (2000).

### III. Discussion

For the following reasons, the Court denies Plaintiff's Motions to Stay and to Strike and grants Defendants' Motions to Dismiss.

**A. Plaintiff's Motions to Strike**

Plaintiff moves to strike Defendants' Motions to Dismiss. ECF Nos. 17, 18. Plaintiff argues that these proceedings are "a simulated legal process under color of law, violating my civil liberties protected by the Constitution for the [U]nited State of America–Bill of Rights, for which I demand relief." ECF Nos. 17, 18. Plaintiff contends that Defendants and their attorneys have no legal standing in Ohio; the attorneys representing Defendants are "us[ing] a pseudonym to conceal their full legal name, which was licensed to practice law in Ohio, [and] are engaging in official misconduct and are in contempt of the [S]upreme [C]ourt"; Plaintiff is "a legal fiction; not a real party in interest to any real or personal property"; the IRS does not have authority to tax; and"[t]he 'National Color' flying in the courtroom is a symbol of a military court, not a court created under the 'United States Constitution' to adjudicate domestic law." ECF Nos. 17, 18.

4

(1:16CV2625)

In his "Memorandum Contra Defendant Carpenters' Motion to Dismiss," Plaintiff elaborates on his Motions to Strike, stating that "Plaintiff brought this action in an Article III court and it appears that Plaintiff's action has been moved to an Article I court without Plaintiff's approval." ECF No. 20 at PageID #: 103. In support, Plaintiff highlights that "[t]he Caption of [his Motion to Strike] clearly states 'district court of the United States,' and the caption of [the Fund Defendant's Motion to Dismiss] clearly states "UNITED STATES DISTRICT COURT." *Id*. Plaintiff explains that Title 28 distinguishes between these titles, and that a "district court of the United States" is an Article III court, and a "UNITED STATES DISTRICT COURT" is an Article I court.

Plaintiff misreads Title 28 of the United States Code. Although there are Article I courts and Article III courts, this case is in, and has always been in, an Article III court. Both the "district court of the United States" and "UNITED STATES DISTRICT COURT" refer to this Article III court. Accordingly, the Court has authority over the action and all parties, and Plaintiff's arguments to the contrary have no merit. Therefore, the Court denies the Motions to Strike Defendants' Motions to Dismiss.

### B. Government's Motion to Dismiss

Because the United States is immune from suit and Plaintiff's requested relief is barred, the Court grants the Government's Motion to Dismiss (ECF No. 15).

Unless the United States waives its sovereign immunity, Plaintiff cannot bring suit for monetary damages. *United States v. Testan*, 424 U.S. 392, 399–400 (1976) (quoting *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967)) ("[E]ntitlement to money

5

(1:16CV2625)

damages depends upon 'whether any federal statute can "fairly be interpreted as mandating compensation by the Federal Government for the [alleged] damage sustained."'"). There is no statute waiving the sovereign immunity of the United States for a suit for money damages for constitutional violations or violations of the Hobbs or RICO Acts. Therefore, the Court dismisses these claims.

Plaintiff also invokes three sections of Title 26 in which Congress has waived its sovereign immunity: 26 U.S.C. § 7426; 26 U.S.C. § 7432; and 26 U.S.C. § 7433. Plaintiff is ineligible to bring suit under any of these statutes.[1]

Plaintiff cannot seek relief under Section 7426. As a "prerequisite of establishing a § 7426 waiver of sovereign immunity . . . the person asserting the wrongful levy claim must not be one against whom the tax is asserted." *McGinness v. United States*, 90 F.3d 143, 145 (6th Cir. 1996). Because Plaintiff is challenging a levy that arose from his own tax liabilities, he cannot bring suit under Section 7426. Nor does Section 7432 provide relief. Section 7432 only applies to those who have satisfied their tax liens and exhausted all administrative remedies. 26 U.S.C. § 7432(a), (d)(1); *see also* 26 U.S.C. § 6325. There is no evidence that Plaintiff has satisfied his lien or the administrative prerequisites.

Finally, Plaintiff has not pleaded sufficient facts to demonstrate a basis for relief under Section 7433, which provides limited damages for "actual, direct, economic damages sustained

---

[1] Plaintiff also cites other statutes, such as 26 U.S.C. § 7214, 28 U.S.C. § 1346, and 28 U.S.C. §§ 2671–80. These statutes do not authorize citizens to bring civil suits for Plaintiff's claims or waive the United States' sovereign immunity, and therefore cannot serve as a basis for relief.

6

(1:16CV2625)

by the plaintiff as a proximate result of the reckless or intentional or negligent actions of the office or employee." 26 U.S.C. § 7433(b)(1). Nor has Plaintiff satisfied the administrative prerequisites described in Section 7433(d)(1) and 26 C.F.R. § 301.7433-1(e). The Sixth Circuit has held that courts must dismiss proceedings if no administrative claim has been filed. *Hoogerheide v. IRS*, 637 F.3d 634, 636–37 (6th Cir. 2011). Furthermore, even if Plaintiff could bring suit under Section 7433, he would not be able to pursue his requested relief. Section 7433 caps damages at $1 million and limits damages to "actual, direct, economic damages." 26 U.S.C. § 7433(b). Because Plaintiff only seeks treble and punitive damages, and makes no allegations of actual damages, he is unable to seek relief under Section 7433.

Additionally, Plaintiff's request for an order requiring the United States to release any and all liens and levies against Plaintiff is barred by the Anti-Injunction Act. The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421. The Supreme Court has interpreted this to mean that courts do not have jurisdiction "to entertain suits seeking injunctions prohibiting the collection of federal taxes[.]" *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 5–6 (1962). Accordingly, Plaintiff's requested relief cannot be granted.

For these reasons, the Court dismisses all claims against the United States.

**C. Fund's Motion to Dismiss**

Plaintiff contends that the Fund has violated RICO and the Hobbs Acts, the Constitution, and his God-given rights to privacy and to be secure in his house. Plaintiff further argues that,

7

(1:16CV2625)

"by giving the IRS more of Plaintiff's pension than is stated in the levy," the Fund breached its fiduciary duty to Plaintiff. ECF No. 1 at PageID #: 2, ¶ 14. Plaintiff cannot bring suit against the Fund because it is statutorily immune from suit under 26 U.S.C. § 6332(e).

> Section 6332(e) of Title 26 provides.
>
> Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

26 U.S.C. § 6332(e). This immunity continues "until such levy is released." 26 U.S.C. § 6331(e), (h).

There is no evidence that the IRS levy has been released. Therefore, when the Fund surrendered Plaintiff's money to the IRS in compliance with the levy, it was acting within the scope of the Section 6332. *See Moore v. Gen. Motors Pension Plan*, 91 F.3d 848, 851 (7th Cir. 1996). Contrary to Plaintiff's assertions otherwise, ECF No. 20 at PageID #: 102, there is no requirement that the Fund verify the legitimacy of the Notice of Levy. This immunity applies regardless of whether the underlying levy is valid, *Moore*, 91 F.2d at 851, and extends to Plaintiff's allegations that the Fund breached its fiduciary duty to Plaintiff, *Burroughs v. Wallingford*, 780 F.2d 502, 503 (5th Cir. 1986). Accordingly, the Court dismisses all claims against the Fund.

(1:16CV2625)

## IV. Conclusion

For the foregoing reasons, the Court grants Defendants' Motions to Dismiss, denies Plaintiff's Motions to Strike, and denies Plaintiff's Motion to Stay as moot.

IT IS SO ORDERED.

| | |
|---|---|
| May 31, 2017 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |